THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RANDOLPH TAYLOR, Appellant.— Judgment, Supreme Court, New York County, rendered on April 12, 1973, convicting defendant, upon a jury verdict, of robbery in the first degree, and sentencing defendant to an indeterminate term of imprisonment not to exceed six years, unanimously reversed and vacated, on the law, and the

matter remanded to the Supreme Court for a new trial. Defendant contends, and the People with commendable candor agree, that the trial court improperly marshaled the evidence against defendant, erroneously suggested that the jury had not received all the evidence in the case, and, in effect, coerced the jury's verdict. We agree. It further appears that reversible error occurred when the trial court elicited from a third party (one of the arresting officers) testimony that the victim of the crime identified the defendant. It is well settled that, in the absence of other clear and strong proof of identification or an allegation of recent fabrication asserted against an eyewitness by the defense, admission of testimony by a third person that an eyewitness identified the defendant is both improper and reversible error (see *People* v. *Johnson,* 32 N Y 2d 814; *People* v. *Caserta,* 19 N Y 2d 18; *People* v. *Trowbridge,* 305 N. Y. 471). Concur — McGivern, P. J., Nunez, Lupiano, Steuer and Capozzoli, JJ.