■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL SOTO, Appellant.—Judgment, Supreme Court, New York County (Rena Uviller, J., at *Huntley-Wade* hearing; Walter Schackman, J., at jury trial and sentence), rendered June 7, 1989, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate prison term of from 4½ to 9 years, unanimously affirmed.

Defendant and codefendant Williams were arrested for selling heroin pursuant to a "buy-and-bust" operation. The undercover officer's description of defendant combined with the backup officer's observation of the transaction provided the police with probable cause to arrest defendant *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852). Accordingly, there was no basis to suppress defendant's statement nor the undercover officer's identification. Furthermore, defendant's argument that the identification procedure was unduly suggestive is without merit since the precinct identification was made by a trained undercover narcotics officer only 3½ hours after the drug transaction, and was merely confirmatory *(People v Bradley,* 163 AD2d 160; *People v Wharton,* 74 NY2d 921; *cf., People v Newball,* 76 NY2d 587; *cf., People v Gordon,* 76 NY2d 595).

The court did not abuse its discretion in allowing the

prosecutor to ask defendant whether he was convicted of a felony on the basis of his 1974 manslaughter conviction since defendant was released from prison in 1979 and the conviction was probative on the issue of defendant's credibility (see, People v Sandoval, 34 NY2d 371; People v Ortiz, 156 AD2d 197, lv denied 76 NY2d 740). Furthermore, the court properly allowed the prosecutor to ask whether defendant was convicted of seven misdemeanors involving gambling records.

In response to defense counsel's questioning regarding the undercover officer's method in approaching the defendant, the undercover officer testified, "I observed people in conversation and in exchange with Mr. Soto, and I did the same thing." Defense counsel sought a mistrial on the ground that the court had precluded the prosecutor from eliciting evidence regarding uncharged drug sales. The court properly declined to declare a mistrial since the undercover officer's statement was responsive to the questions put by defense counsel (see, e.g., People v Melendez, 55 NY2d 445). Furthermore, defendant's request for a mistrial at the conclusion of the testimony was untimely and in any event, the admission of the undercover officer's statement was not so harmful as to warrant declaring a mistrial.

Lastly, defendant complains that the court improperly marshaled the evidence by referring only to evidence favorable to the prosecution in its charge (People v Bell, 38 NY2d 116). Since defendant registered no objection to the court's charge, this argument is unpreserved and we decline to review in the interest of justice (CPL 470.05 [2]). In any case, where the court's brief marshaling of the evidence was in reference to the codefendant's accomplice liability, defendant was not prejudiced. Concur—Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.