■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT GARCIA, Appellant.—Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered January 19, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing

him as a predicate felony offender, to a term of imprisonment of from 7 to 14 years, unanimously affirmed.

Defendant's motion to suppress the identification testimony was based only on the vague ground that the station house identification procedure lacked a "sufficient legal basis." Defendant did not claim, as he does now on appeal, that the station house procedure had an "improper bolstering effect" on the undercover officer's initial observations. Accordingly, defendant's argument that his suppression motion should not have been denied without a hearing is unpreserved (People v Martin, 50 NY2d 1029). In any event, defendant's allegations, even as made on appeal, fail to meet the proof presented by the People in their opposition to the motion that the challenged confirmatory station house identification was made by a trained undercover narcotics officer shortly after his face-to-face drug transaction with defendant, and "constitute[d] the ordinary and proper completion of an integral police procedure", and, as such, was not of a kind ordinarily burdened or compromised by forbidden suggestiveness, warranting a lineup procedure or a Wade hearing (People v Wharton, 74 NY2d 921, 922-923; People v Soto, 167 AD2d 302, lv denied 77 NY2d 1001). In view of his extensive criminal record, the trial court did not abuse its discretion in sentencing defendant. Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.