■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WOODS, Appellant. [605 NYS2d 279] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered March 12, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years on the third degree count and 2 to 4 years on the fifth degree count, unanimously affirmed.

Defendant's contention that the court's charge to the jury included an unbalanced marshalling of the evidence and hypothetical illustration, is unpreserved and we decline to reach it in the interest of justice *(People v Soto,* 167 AD2d 302, 303, *lv denied* 77 NY2d 1001). Were we to reach it, we would find the contention meritless. The Trial Justice did not: (1) extensively and favorably marshall the People's case with no

mention of its flaws *(see, People v Hall,* 155 AD2d 344, 346), (2) utterly fail to mention the defendant's positions *(see, People v Seegars,* 172 AD2d 183, 187, *appeal dismissed* 78 NY2d 1069), (3) effectively coerce a guilty verdict *(see, People v Taylor,* 45 AD2d 953), or (4) commit "flagrant" errors *(People v Chambers,* 73 AD2d 976). The court neither expressed nor implied any opinion on the ultimate question of defendant's guilt or innocence *(see, People v Butler,* 57 AD2d 931, 932), and repeatedly made clear to the jurors that their own recollections controlled *(see, People v Cutwright,* 149 AD2d 608). Further, the hypothetical illustration of constructive possession and the People's factual contention were not " 'strikingly similar' " *(People v Johnson,* 171 AD2d 532, 533, *lv denied* 77 NY2d 996).

We have considered the defendant's remaining argument, and find it to be without merit. Concur—Sullivan, J. P., Asch, Rubin and Nardelli, JJ.