■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WILLIAM FRUTCHEY, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered March 21, 1980, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant was arrested on September 14, 1979 pursuant to a warrant charging him with burglary of the Richford Diner, located in the Town of Richford, Tioga County. At that time, the State Police arresting officers were investigating the disappearance of a Colleen Cameron. After being given *Miranda* warnings, defendant not only incriminated himself in regard to the burglary but also in the murder of Cameron, and he subsequently led the police to her body. Thereafter, he gave a statement confessing to the rape and murder of Cameron. Defendant was indicted on two counts of murder in the second degree, two counts of burglary in the third degree and one count of rape in the first degree. On March 7, 1980, defendant pleaded guilty to one count of murder in the second degree in full satisfaction of the indictment, and was sentenced to an indeterminate prison term of 15 years to life.

On this appeal, defendant contends error in the trial court's refusal to suppress his statements. He argues that it was impermissible for the State Police to question him regarding the murder when his right to counsel had attached by the issuance of the warrant for his arrest on the burglary charge. This claim has already been considered and rejected by the Court of Appeals in *People v Kazmarick* (52 NY2d 322), wherein it was held that "[a] pending unrelated criminal case upon which an arrest warrant has issued does not bar the police from questioning a suspect when the suspect does not in fact have counsel on the unrelated charge" *(id.,* p 324; *see also, People v Lucarano,* 61 NY2d 138). This rule has been held applicable where, as here, the questioning on the unrelated charge is contemporaneous with that on the charge specified in the warrant and where there is no evidence that "the police exploited the impermissible questioning on the charges in the warrant with the effect of advancing their interrogation on the [unrelated charge]" *(People v Angus,* 81 AD2d 971, *affd* 56 NY2d 549). Inasmuch as defendant did not

have counsel on the charge specified in the warrant, his questioning on the murder charge was permissible. As to defendant's further argument that the questioning continued after he had requested an attorney, the record does not support this contention, but rather establishes that defendant waived his *Miranda* rights and never asked for a lawyer. Nor do we find support in this record for defendant's claim that intoxication and lack of sleep prevented his confession from being voluntary. Therefore, the trial court's refusal to suppress defendant's statements was, in all the circumstances, proper.

The record also fully supports defendant's comprehension and understanding of his plea and its effect. At the time, defendant failed to apprise the court of any problem in connection with his plea *(see, People v Francis,* 38 NY2d 150, 154), and defendant never raised an issue of justification or intoxication that would compel the court to further inquiry.

As to the now alleged delay in defendant's arraignment, that argument was never raised before the trial court and is, therefore, not preserved for our review *(People v Allyn,* 92 AD2d 692). In addition, the delay is not so egregious in these circumstances as to require our reversal in the interest of justice. The judgment of conviction should, in all respects, be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.