■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN JONES, Appellant.—Judgment unanimously affirmed. Memorandum: Supreme Court properly found that the prosecutor proffered reasonably specific race-neutral reasons for his use of peremptory challenges to exclude three black members of the jury panel *(see, Batson v Kentucky,* 476 US 79; *People v Scott,* 70 NY2d 420; *People v Burnett,* 152 AD2d 910). On this record, we find no abuse of discretion by the sentencing court in imposing the maximum permissible sentence. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—murder, second degree.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY JONES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance, fourth degree. Defendant was on the front porch of a dwelling at 132 Montana Street, Buffalo, when police officers arrived to execute a search warrant for the upper apartment. Defendant did not reside at that address. As a police officer ascended the stairs, defendant began to climb the stairs behind him. Another officer ascending the stairs behind defendant observed defendant throw two plastic bags on the stairs. A third officer retrieved the bags and observed that they contained white

powder, which he believed to be cocaine. Defendant was arrested. Subsequent analysis revealed that the substance in the bags was cocaine with an aggregate weight in excess of one eighth of an ounce.

We reject defendant's argument that the court erred by failing to hold a hearing on the sufficiency of the application for the search warrant. In neither his affidavit in support of his written motion nor in his oral motion to suppress the cocaine, made on the eve of trial, did defense counsel articulate any facts to support a challenge to the warrant and demonstrate defendant's entitlement to a hearing on that issue *(see,* CPL 710.60 [1]). Moreover, even if the warrant was invalid and the presence of the police on the scene illegal, defendant's actions in climbing the stairs behind an officer and dropping contraband in full view of another officer were voluntary, independent, and unrelated to any illegal police conduct *(see, People v Boodle,* 47 NY2d 398, 402-404, *cert denied* 444 US 969; *see also, People v Arnau,* 58 NY2d 27, 32-38, *cert denied* 468 US 1217).

We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from judgment of Erie County Court, D'Amico, J.—criminal possession controlled substance, fourth degree.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.