■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY DAVIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant and a codefendant were jointly charged in a multicount indictment with committing four separate burglaries and related sexual assaults and larcenies in the Corn Hill and South Wedge sections of the City of Rochester during the month of July 1987. The first incident occurred on July 10th, the second on July 15th, the third on July 23rd and the fourth on July 26th. In all four burglaries, the same modus operandi was used. Two young men broke into homes occupied by single women, located in the same general neighborhood in the early morning hours, gaining entry by cutting through a window screen. In each incident, the men sexually assaulted, or attempted to sexually assault, the female occupant before stealing her personal property. During the July 26th incident, the occupant fled from her house and called the police. When the police arrived, they found defendant hiding on a rear porch roof and codefendant hiding in the basement.

During their investigation of the July 26th burglary, the police learned that defendant's fingerprints matched those taken from the scene of the July 10th incident. After advising him of his *Miranda* rights, a Rochester police officer interrogated defendant, while in custody, about the prior burglaries. Defendant agreed to talk with the officer and admitted being involved in the July 10th and July 15th incidents.

Following a pretrial *Huntley* hearing, the suppression court properly found that, although defendant's right to counsel had indelibly attached with respect to the July 26th burglary *(see, People v Samuels,* 49 NY2d 218), he was not actually represented by counsel on such charge and his right to counsel was not violated by police questioning him on the unrelated crimes. Thus he could, in the absence of counsel, waive his right to counsel and be questioned about unrelated charges *(see, People v Rosa,* 65 NY2d 380, 387; *People v Miller,* 54 NY2d 616, 618-619; *People v Kazmarick,* 52 NY2d 322, 328; *People v Ferringer,* 120 AD2d 101, 106-107; *People v Pepe,* 114 AD2d 383; *People v Frutchey,* 113 AD2d 992, *lv denied* 66 NY2d 1040).

"The legal fiction of representation because of commencement of an action is not the same as actual representation by

counsel or a request for counsel" *(People v Ferringer, supra,* at 107; *see also, People v Kazmarick, supra,* at 328). Moreover, "[e]ven where two crimes were so similar that the *modus operandi* of one led to the solution of the other, they were not deemed to be related in the sense that representation on one crime precluded the police from questioning about the other" *(People v Ferringer, supra,* at 107; *see also, People v Taylor,* 27 NY2d 327).

The trial court did not abuse its discretion in denying defendant's motion for a severance. Even though the offenses were based upon four separate incidents, proof of one criminal transaction "would be material and admissible as evidence in chief upon a trial" of the other charges (CPL 200.20 [2] [b]). Defendant's modus operandi in all four burglaries was sufficiently similar to tend to establish his identity *(see, People v Beam,* 57 NY2d 241, 250). Moreover, the court did not abuse its discretion in denying defendant's motion for a severance because the crimes charged were "the same or similar in law" (CPL 200.20 [2] [c]; *see, People v Jenkins,* 50 NY2d 981; *People v McDougald,* 155 AD2d 867; *People v Mercer,* 151 AD2d 1004, *lv denied* 74 NY2d 815).

From our review of the record, we conclude that the evidence was legally sufficient to support defendant's conviction. Although none of the victims was able to identify defendant, his guilt was sufficiently established by his presence at the scene of one of the crimes, his admissions, and the fingerprint evidence.

We also find that the sentencing court did not abuse its discretion in imposing consecutive sentences with respect to the four separate incidents. We find no basis in the record for any modification of defendant's sentence in the interests of justice.

There is no merit to defendant's *Batson* claim *(see, Batson v Kentucky,* 476 US 79) that the prosecutor used his peremptory challenges in a discriminatory manner to excuse a black person from the jury. Even if we were to find that defendant established a prima facie case of purposeful discrimination, the prosecutor proffered reasonably specific race-neutral reasons for use of a peremptory challenge to exclude this one black member of the jury panel *(see, People v Jones,* 156 AD2d 954 [No. 44] [decided herewith]; *People v Burnett,* 152 AD2d 910). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—rape, first degree.) Present—Dillon, P. J., Callahan, Denman, Lawton and Davis, JJ.