■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered August 8, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY DAVIS, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Curci, J.), rendered September 13, 1988, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is affirmed.

The charges against the defendant arose from an alleged sale of cocaine to an undercover police officer. When the

undercover officer's back-up team approached the defendant, he dropped a brown paper bag, which was found to contain eight packets of cocaine.

At the suppression hearing, the arresting officer testified that he made handwritten notes of a description of the defendant that he received over a radio from the undercover officer. The arresting officer further testified that subsequent to the defendant's arrest, he transcribed the information from the notes to a report and then he destroyed the notes, and that this was his routine procedure with these types of notes. The defense counsel moved to strike the testimony of the arresting officer at the suppression hearing and to preclude such testimony at trial because of the destruction of the handwritten notes. The trial court denied the motion on the ground that the handwritten notes did not constitute *Rosario* material *(see, People v Rosario,* 9 NY2d 286, 289, *cert denied* 368 US 866) and, it further indicated that its ruling applied both to the suppression hearing and to the trial. The arresting officer thereafter testified at the trial.

On this appeal, as in *People v Wallace* (76 NY2d 953, 955), the People concede that the arresting officer's handwritten notes actually constitute *Rosario* material. Further, there is no merit to the People's contention that the arresting officer exercised due care in preserving these handwritten notes. In this regard, we note that these types of notes cannot be found to have been destroyed in good faith since the arresting officer's supervisor made similar handwritten notes of the broadcast-description of the defendant, which notes were preserved and made available to the defendant at the trial. However, we do agree with the People that unlike the situation in *People v Wallace (supra),* the defendant herein was not "impermissibly prejudiced" *(People v Wallace, supra,* at 955) by the destruction of the arresting officer's handwritten notes. The defendant was acquitted of all of the counts relating to the alleged sale of cocaine to the undercover officer, namely, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees. The defendant's conviction of criminal possession of a controlled substance in the third and fourth degrees related solely to the cocaine found in the brown paper bag which the defendant had dropped immediately prior to his arrest. Since identification was not an issue with regard to the counts of which the defendant was convicted, it cannot be said that the trial court's failure to impose a sanction for the

destruction of the arresting officer's handwritten notes warrants reversal.

The remaining contentions raised by the defendant have been reviewed and found to be without merit (see, People v Davis, 166 AD2d 280; People v Suitte, 90 AD2d 80). Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.