■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY FULMORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 16, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to conducting a pretrial *Wade* hearing, the prosecutor informed the trial court that the sole eyewitness to the

murder was afraid to reveal his identity to the defendant because of an undisputed claim that the witness would be threatened if the defendant knew his identity before he testified against him. Thus, the prosecutor requested that the trial court conduct a hearing outside the presence of the defendant to determine the threshold issue of whether the eyewitness knew the defendant; if so, it would not be necessary to hold a *Wade* hearing. Over defense counsel's objection to this procedure, the trial court granted the prosecutor's request and informed defense counsel that any findings made as a result of the threshold hearing would be preliminary and that should the defendant wish to contest any findings, he would be given the full opportunity prior to trial to reopen the threshold hearing and be present. The eyewitness then stated under oath that he had met the defendant six years earlier in prison, where he saw the defendant every day for a period of eight months. In addition, approximately a year before the incidents leading to the victim's murder, the eyewitness saw the defendant on the street every day and they exchanged greetings. Defense counsel extensively cross-examined the eyewitness as to his association with the defendant. At the conclusion of the eyewitness's testimony, the trial court found that the eyewitness's knowledge of the defendant rendered a *Wade* hearing unnecessary. Nevertheless, the trial court again advised defense counsel that should the defendant wish to do so he would be given a full opportunity to litigate this issue either by reopening the threshold hearing or requesting a *Wade* hearing prior to trial. In furtherance of this, the trial court gave the defendant the opportunity prior to trial to view the eyewitness and inspect the minutes of the threshold hearing. The issue was not thereafter pursued by either the defendant or his counsel. Even if we were to conclude that the threshold hearing constituted a material stage of trial *(see, People v Ciaccio,* 47 NY2d 431; *People v Davis,* 173 AD2d 634; *People v Davis,* 166 AD2d 280), since neither defense counsel nor the defendant ever requested either a reopening of the threshold hearing or a *Wade* hearing as offered by the trial court, the defendant's absence from the threshold hearing does not mandate reversal under the circumstances *(see, People v Parker,* 57 NY2d 136, 140-141).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contentions concerning certain remarks made by the prosecutor during summation are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.