■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HUNTER, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly denied defendant's motion for a severance because the offenses for which he was tried were joinable pursuant to CPL 200.20 (2) (b) and (c). Defendant's identity was in issue and his modus operandi was sufficiently unique to make evidence of one attack probative of the others (see, People v Beam, 57 NY2d 241, 253; People v Davis, 156 AD2d 969, 970, lv denied 75 NY2d 867). The five victims were all female bicyclists, the offenses were committed within the same geographical location and within one month of each other and, in each case, the victim was pushed off her bicycle. Moreover, the counts were properly joined as "the same or similar in law" (CPL 200.20 [2] [c]; People v Davis, supra).

We find defendant's remaining argument on appeal to be without merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Attempted Rape, 1st Degree.) Present—Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. NANIA, JR., Appellant.—Judgment unanimously affirmed. Memorandum: As part of his omnibus motion, defendant moved to suppress the results of a breathalyzer test upon the ground that the ampoules used in the administration of the test were from a lot that was improperly mixed, and thus, that the test result was unreliable (see, People v Uruburu, 169 AD2d 20). Defendant's sole contention on appeal is that the suppression court erred in denying that motion without conducting a hearing. We conclude that a motion addressed to the integrity of the ampoules is not a motion to suppress authorized by CPL 710.20 (5) and that the suppression court did not err in summarily denying that application (see, People v Singh, 144 Misc 2d 402; People v Amores, 143 Misc 2d 527, 531; but see, People v Sherwood, 160 AD2d 1203, 1205, lv denied 76 NY2d 796; People v Nieves, 143 Misc 2d 734; People v Pantaleo, 141 Misc 2d 251). (Appeal from Judgment of Monroe County Court, Kepner, J.—Felony Driving While Intoxicated.) Present—Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.