■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McKISSICK, Appellant. [721 NYS2d 646] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered November 25, 1997, convicting defendant, after a jury trial, of conspiracy in the second degree, attempted assault in the first degree, criminal use of a firearm in the second degree, criminal possession of a controlled substance in the third and fourth degrees, and criminally using drug paraphernalia in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 27½ to 40 years, unanimously affirmed.

An employment application and a W-4 tax form completed by defendant's wife containing information relevant to connecting defendant to a drug location were properly admitted into evidence under the business records exception to the hearsay rule, codified at CPLR 4518 (a) (see, *People v Kennedy*, 68 NY2d

569, 575). Although at the time of her application the job applicant was not yet an employee of the business, she was in the process of becoming an employee, and she was under a business duty to accurately report her home address and references, upon which information the hiring company would rely, and which reliance the witness was aware of, particularly since the forms stated that false information would be grounds for rejection of the application or termination of employment (*see*, *Pencom Sys. v Shapiro*, 237 AD2d 144). Contrary to defendant's argument, both the employment application and W-4 form were "needed and relied on in the performance of functions of the business." (*People v Kennedy*, *supra*, at 579.) Maintaining accurate personnel and tax records is a necessary function of virtually any business. In any event, were we to find any error in the receipt of this evidence, we would find it harmless. The records could not have affected the verdict in light of the overwhelming evidence from other sources connecting defendant to the apartment in question (*see*, *People v Edmonds*, 251 AD2d 197, 199, *lv denied* 92 NY2d 924).

Defendant's mistrial motion based on alleged prosecutorial misconduct in summation was properly denied. The challenged portions of the prosecutor's summation were fair comment upon the evidence that drew reasonable inferences therefrom, did not vouch for the credibility of the People's witnesses, were not inflammatory, did not shift the burden of proof, and did not otherwise exceed the broad latitude accorded to closing arguments, particularly since they were directly responsive to defendant's own summation (*see*, *People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The court properly exercised its discretion in denying defendant's motion for a mistrial, the only remedy requested, made on the ground that a question on defendant's cross-examination suggested defendant's involvement in a murder. The court sustained defendant's objection, ordered the question stricken, and subsequently instructed the jury that they were not to draw any inferences from unanswered questions that had been stricken. We concluded that these measures were sufficient to prevent any prejudice.

We perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.