■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PUFF, Appellant. [724 NYS2d 247] —Judgment unanimously affirmed. Memorandum: Defendant was convicted fol-

lowing a jury trial of rape in the first degree (Penal Law §§ 20.00, 130.35 [2]), three counts of sexual abuse in the first degree (Penal Law §§ 20.00, 130.65 [2]), and two counts of aggravated sexual abuse in the third degree (Penal Law §§ 20.00, 130.66 [1] [b]). The charges arose from defendant's participation in the gang rape and sexual abuse of a young woman who lost consciousness after consuming the drug Ecstasy, which had been provided to her by defendant. Contrary to the contention of defendant, County Court properly determined that he could be cross-examined concerning the uncharged crime of possession of the drug at the time of his arrest the following morning. Cross-examination concerning that uncharged crime was appropriate because it would help to establish an element of the crimes charged, viz., that the victim was incapable of consent because she was physically helpless (*see, People v Alvino*, 71 NY2d 233, 241-242; *People v Miller*, 221 AD2d 477, 478, *lv denied* 87 NY2d 923). Defendant further contends that the court's *Sandoval* ruling was an abuse of discretion because the court permitted cross-examination on virtually all of defendant's numerous prior convictions, some of which were remote in time. We disagree. "[T]here are no per se rules requiring preclusion because of the age, nature and number of a defendant's prior crimes" (*People v Walker*, 83 NY2d 455, 459; *see, People v Pavao*, 59 NY2d 282, 292; *People v Burke*, 222 AD2d 837, 838). The numerous prior convictions of defendant all bear on his credibility, and the court did not abuse its discretion in determining that the probative worth of such evidence on the issue of defendant's credibility outweighs the risk of unfair prejudice to defendant (*see, People v Pavao, supra*, at 292). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Geraci, Jr., J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ.