■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH MATTHEWS, Appellant. [791 NYS2d 24]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered May 9, 2002, convicting defendant, after a jury trial, of one count of grand larceny in the third degree and five counts of offering a false instrument for filing in the first degree and sentencing her, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

Defendant, the tenant of a two-bedroom apartment, 8H, at 860 Columbus Avenue in the Frederick Douglass Houses, was charged with grand larceny for stealing more than $3,000 from the New York City Housing Authority from on or about April 1, 1991 to on or about March 31, 2000, and filing false instruments, after she allegedly failed to report the income of her domestic partner, Lynette Williams, in the affidavits of income she filed with the Housing Authority each year from 1996 through 2000, resulting, according to the Housing Authority, in a yearly rent undercharge of $4,296.

In order to prove the falsity of defendant's affidavits and her theft of money from the Housing Authority, the prosecution, among other things, was required to prove that Lynette Wil-

liams was a "person living in" defendant's apartment during the relevant periods. After the jury was selected and before its preliminary remarks and counsels' opening statements, the court, after colloquy as to the appropriate definition of "living" to be used in this prosecution, advised counsel that the definition of "primary residence" as used in the City's housing regulations was most analogous and was the concept it would use to charge the jury. The court thereafter, in its charge, instructed the jury, without objection, that in order to determine whether Ms. Williams lived with defendant in apartment 8H it had to decide whether the apartment was her "primary residence," which the court defined "as an ongoing substantial physical nexus with the premises for actual living purposes which can be demonstrated by objective empirical evidence."

In addition to the testimony of various witnesses from the Housing Authority, the Department of Motor Vehicles, the Postal Service and two of Ms. Williams's former employers, the prosecution relied upon a number of documents, including a 1993 certificate of doing business filed by Ms. Williams, her 1998 employment application and W-4 form, Department of Motor Vehicles license and registration records, and other documents, including Verizon telephone records and business stationery, in all of which she listed her home and/or business address as 860 Columbus Avenue, as well as a 1994 affidavit of domestic partnership subscribed to by both defendant and Ms. Williams in which they stated under oath: "We have been living together on a continuous basis prior to this certificate" and listing their home address as 860 Columbus Avenue, apartment 8H.

As to the two records which are now the primary focus of this appeal, the certificate of doing business and the motor vehicle records, the court admitted them under the "state of mind" exception to the hearsay rule, viz., that at the time she wrote them Ms. Williams intended the subject apartment to be her residence. While the court, in colloquy on the issue, considered the two documents "trustworthy items," it left it entirely up to the jury to decide "how strong an inference" was to be drawn from them. Thereafter, in admitting the motor vehicle records into evidence, the court instructed the jury that Ms. Williams's statements as to what she considered to be her address were only being admitted to show that at the time she made them she believed she lived in apartment 8H. It went on to tell the jury that such statements to others were not direct proof that she in fact lived there, but, if it found those statements to be trustworthy and it believed it appropriate based on all the other evidence in the case, it could infer that she acted on her belief

that apartment 8H was where she lived. Alternatively, the court instructed that if the jury believed there were reasons for making the statements that did not support the statement that she lived there, it could reject such inference. "That's a decision totally up to the jury."

On appeal, defendant argues that the out-of-court statements of Ms. Williams constituted inadmissible hearsay and that, with or without the alleged hearsay, the verdict was based on legally insufficient evidence and against the weight of the evidence. In so arguing, defendant claims that the issue at trial was whether Ms. Williams did in fact live in defendant's apartment and any belief that she may have had that she lived there was irrelevant.

However, as is often said, residence is largely a matter of intention. Aside from the usual indicia of "primary residence," as that term is used in civil primary residence cases, including voting and tax records, motor vehicle registration and license records or other documents filed with a public agency, bank, postal, utility and telephone records, a person's intention is clearly relevant to such issue. Contrary to defendant's argument, Ms. Williams's intention in giving defendant's apartment as her home address was clearly relevant, when added to by other direct and circumstantial evidence, to prove that she in fact lived in defendant's apartment during the relevant periods. When a person is asked to give his or her home address, the answer given, whether truthful or not, may be admitted as some evidence of the person's belief as to his or her place of residence at the time. Under the state of mind exception, an out-of-court statement will be admissible where the "mere utterance of [said] statement without regard to its truth, may indicate circumstantially the state of mind of the hearer or of the declarant" (Prince, Richardson on Evidence § 8-106 [Farrell 11th ed], citing *People v Reynoso*, 73 NY2d 816 [1988]). Such statements, as explained by the trial court, are not admitted for their truthfulness (*see generally id.* §§ 8-611, 8-612).

Moreover, the employment application and W-4 form completed by Ms. Williams would have been admissible for the truth of their contents under the business records exception to the hearsay rule (*see People v McKissick*, 281 AD2d 212 [2001]) and the Department of Motor Vehicles records would also have been admissible under the same theory. The telephone records were properly admitted into evidence during the testimony of a Verizon witness, who stated that there were two telephone lines registered to Ms. Williams in apartment 8H from 1991 to 2002.

Thus, under the circumstances, given the court's appropriate

limiting instructions regarding the nature of circumstantial evidence and the appropriate inferences that may or may not be drawn, we find no reversible error in the court's evidentiary rulings. Even if it was error to admit one or more of the allegedly hearsay statements at issue, any error was harmless given the overwhelming evidence, both direct and circumstantial, entirely independent of Ms. Williams's extrajudicial declarations, establishing beyond a reasonable doubt that she lived with defendant in apartment 8H during the relevant periods. Ms. Williams's statements in the subject documents were consistent with and merely corroborated her conduct as established by the People's witnesses, defendant's own statements and actions, and the other evidence of Williams's conduct.

In any event, after being called as a witness for the defense, Ms. Williams testified at length under direct examination by defense counsel and cross-examination by the prosecutor and freely discussed the contents of all of the aforesaid documents as the defense sought to explain away and justify their references to apartment 8H. Ms. Williams also testified concerning the domestic partnership certificate sworn to by her and defendant and filed with the City, joint bank accounts, her designation of the apartment on her son's school emergency card and numerous other connections and references to her living in apartment 8H.

The jury had ample opportunity to assess Ms. Williams's credibility during her extensive trial testimony during which she admitted to the statements regarding her address in all of the documents and other proffered connections to apartment 8H, but repeatedly tried to explain them away and denied actually living there. There is no probability that the jury's verdict would have been different had one or more of Williams's out-of-court statements been excluded.

Accordingly, defendant's arguments regarding the weight and sufficiency of the evidence are without merit. Concur—Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.