THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK E. BEGGS, Appellant. [796 NYS2d 826]—

Appeal from a judgment of the Niagara County Court (Peter

L. Broderick, Sr., J.), rendered May 5, 2004. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count of endangering the welfare of a child (§ 260.10 [1]). On appeal, defendant contends that he was deprived of a fair trial because of numerous prejudicial comments made by the prosecutor during his opening statement and summation. However, defendant failed to preserve for our review most of the comments he now asserts were prejudicial and improper (*see* CPL 470.05 [2]). Furthermore, the two objections that defendant raised at the appropriate time were merely general objections without a specified basis. A general objection to a prosecutor's comment at summation without specification of the basis for the objection is insufficient to preserve the issue (*see People v Tonge*, 93 NY2d 838, 839-840 [1999]; *see generally People v Brazeau*, 304 AD2d 254, 257 [2003], *lv denied* 100 NY2d 579 [2003]). In any event, the comments about which defendant now complains "must be evaluated in light of the defense [counsel's] summation" (*People v Halm*, 81 NY2d 819, 821 [1993]; *see People v Dunbar*, 213 AD2d 1000 [1995], *lv denied* 85 NY2d 972 [1995]). In his summation, defense counsel commented on the credibility of the victim and her mother, and the comments of the prosecutor to which defense counsel raised an objection were directly related to those issues. Thus, the comments of the prosecutor were a fair response to the observations of defense counsel on summation and did not deprive defendant of a fair trial (*see People v West*, 4 AD3d 791, 792 [2004]; *cf. People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Clark*, 195 AD2d 988, 990-991 [1993]).

We reject defendant's further contention that the verdict is against the weight of the evidence. The testimony of the young victim established all the elements of the crimes charged. "Great deference is to be accorded to the [jury's] resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Roman*, 17 AD3d 1166, 1167 [2005]). After weighing the conflicting testimony and the inferences to be drawn therefrom, we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.