THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FOLUKE GRIFFIN, Appellant. [809 NYS2d 279]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 7, 2004 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal possession of stolen property in the fifth degree.

Defendant was charged in a two-count indictment with burglary in the second degree arising out of an incident at the Seeber residence and criminal possession of stolen property in the fifth degree based on defendant's possession of property stolen from the Capobianco residence. Following a jury trial, defendant was convicted of both counts of the indictment and was sentenced as a second felony offender to a prison term of nine years with five years of postrelease supervision on the burglary count and a concurrent term of one year on the criminal possession of stolen property count. On appeal, defendant makes four arguments.

First, defendant asserts that the denial of his severance motion was error since the counts of the indictment were not properly joinable. We disagree. Two offenses are joinable, even if they are based on separate criminal transactions, when "either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief

upon a trial of the first" (CPL 200.20 [2] [b])..The record reveals that defendant was discovered on the enclosed porch of the Seeber home adjacent to an entry door with a broken window pane. Glass was strewn across the family room floor. Upon discovery, when defendant turned to leave, Monica Seeber observed that he was wearing a backpack. When he was apprehended a short time later, defendant consented to a search of the backpack which contained property stolen from the Capobianco residence, which is in the same neighborhood as the Seeber residence. Since the evidence established that the theft of property from the Capobianco residence occurred on the same morning as defendant was discovered at the Seeber residence, we conclude that the evidence of defendant's possession of the stolen Capobianco property was material and relevant on the burglary count to establish defendant's intent to commit a crime in the Seeber home. Accordingly, the offenses were properly joined and Supreme Court lacked authority to grant a severance (*see People v Bongarzone*, 69 NY2d 892, 895 [1987]).

Next, we reject defendant's second and third arguments that the evidence was legally insufficient or that the verdict was not supported by the weight of the evidence. In addition to the testimony of Seeber regarding her observations of defendant, defendant admitted to the police that he was at the Seeber residence and did, in fact, break the window in the door. Coupled with the evidence regarding defendant's possession of the stolen Capobianco property, when viewed in the light most favorable to the People, the jury could rationally conclude that defendant had entered the enclosed porch of the Seeber residence with the intention of committing a crime therein (*see People v Wright*, 13 AD3d 736, 738 [2004], *lv denied* 4 NY3d 837 [2005]; *People v Luck*, 294 AD2d 618, 618-619 [2002], *lv denied* 98 NY2d 699 [2002]). Likewise, defendant's actual possession of the stolen property, when viewed in light of defendant's claim to the police that he purchased the property earlier in the day and intended to trade it for marihuana, could rationally lead the jury to conclude that defendant knowingly possessed stolen property with intent to benefit from it (*see People v Logan*, 19 AD3d 939, 942 [2005], *lv denied* 5 NY3d 830 [2005]). Thus, we conclude that the trial evidence was legally sufficient to support defendant's conviction on both counts of the indictment.

Defendant's alternative contention requires this Court to " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY

55, 62 [1943]). Although defendant claimed that he was in the Seeber residence for purposes of buying marihuana from Seeber's son and that he had purchased from others the property stolen from the Capobianco residence, it is the jury's function to resolve issues of credibility. Here, it is manifest that the jury rejected defendant's credibility, a determination which we accord deference (*see People v Haight*, 19 AD3d 714, 716 [2005], *lv denied* 5 NY3d 806 [2005]). Evaluating all of the evidence in a neutral light (*see People v Hines*, 9 AD3d 507, 511 [2004], *lv denied* 3 NY3d 707 [2004]), we find that the verdict is supported by the weight of the evidence.

Finally, we find no merit to defendant's contention that, in reaching its verdict, the jury considered evidence beyond that admitted at trial. Although, in a note, the jury informed Supreme Court that it discovered information not discussed by the witnesses or the attorneys, it is evident that such information was garnered from the exhibits received in evidence and given to the jury for use during deliberations. Simply stated, defendant's contention in this regard is clearly unsupported by any record evidence. Moreover, we conclude that Supreme Court's answer to the jury's inquiry concerning use of this discovered evidence was appropriate and a proper exercise of discretion (*see People v Brown*, 2 AD3d 1216, 1218 [2003], *lvs denied* 3 NY3d 637 [2004]).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.