■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ALSTON, Appellant. [811 NYS2d 251]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 29, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in denying his motion for a mistrial based upon the testimony of an officer concerning a prior uncharged drug sale. Although defendant is correct that the officer's testimony was in contravention of the court's *Ventimiglia* ruling, the testimony was in fact elicited by defendant during his cross-examination of the officer (*see People v Rimmen,* 8 AD3d 1088 [2004], *lv denied* 3 NY3d 661 [2004]; *People v Kemp,* 291 AD2d 236, 236-237 [2002], *lv denied* 98 NY2d 652 [2002]; *People v Soto,* 167 AD2d 302, 303 [1990], *lv denied* 77 NY2d 1001 [1991]). In any event, the court's curative instruction alleviated any prejudice to defendant resulting from that testimony (*see People v Roberts,* 23 AD3d 1086 [2005]).

Defendant next contends that the court's *Sandoval* ruling constitutes an abuse of discretion because the court allowed the People to cross-examine defendant with respect to his three prior convictions, all of which were remote in time. Defendant failed to object to the court's ultimate *Sandoval* ruling, and

thus failed to preserve his contention for our review (*see People v Ponder*, 19 AD3d 1041, 1043 [2005], *lv denied* 5 NY3d 809 [2005]; *People v O'Connor*, 19 AD3d 1154, 1155 [2005], *lv denied* 5 NY3d 831 [2005]). In any event, the court's ruling does not constitute an abuse of discretion. "[T]here are no per se rules requiring preclusion because of the age, nature and number of a defendant's prior crimes" (*People v Walker*, 83 NY2d 455, 459 [1994]; *see also People v Davis [Earl]*, 173 AD2d 634 [1991], *lv denied* 78 NY2d 964 [1991]). Here, the three prior convictions were for larceny, a crime "involving dishonesty [and thus bearing] on [his] credibility," and the court properly determined that the probative value of the evidence of those convictions outweighed the risk of prejudice to defendant (*People v Tarver*, 292 AD2d 110, 117 [2002], *lv denied* 98 NY2d 702 [2002]; *see People v Puff*, 283 AD2d 952, 953 [2001], *lv denied* 96 NY2d 923 [2001]; *People v Moody*, 229 AD2d 936, 937 [1996], *lv denied* 89 NY2d 926 [1996]; *Davis*, 173 AD2d 634 [1991]). Contrary to defendant's contention, the convictions were not so remote in time that they were no longer relevant (*see People v Barton*, 13 AD3d 721, 724 [2004], *lv denied* 5 NY3d 785 [2005]). Crimes involving dishonesty "will usually have a very material relevance, whenever committed" (*People v Sandoval*, 34 NY2d 371, 377 [1974]; *see People v Nichols*, 302 AD2d 953 [2003], *lv denied* 99 NY2d 657 [2003]).

Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Beggs*, 19 AD3d 1150, 1151 [2005], *lv denied* 5 NY3d 803 [2005]; *People v Gates*, 6 AD3d 1062, 1063 [2004], *lv denied* 3 NY3d 659 [2004]). In any event, defendant's contention is without merit, inasmuch as the comments by the prosecutor were a fair response to comments made by defense counsel on summation (*see Beggs*, 19 AD3d at 1151; *People v Aybar*, 162 AD2d 283, 285 [1990], *lv denied* 76 NY2d 937 [1990]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.