THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE ROBLES, Appellant. [832 NYS2d 339]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered February 1, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted robbery in the first degree, and assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), attempted robbery in the first degree (§§ 110.00, 160.15 [1]), and assault in the third degree (§ 120.00 [1]). It is undisputed that the victim died from injuries that he sustained when he fell and hit his head on the pavement after defendant punched him in the head. Defendant contends that the verdict is against the weight of the evidence because the People failed to establish that he intended to rob the victim. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Several witnesses testified

that defendant made statements in which he referred to robbing the victim, both before and after he struck the victim, and the jury was entitled to credit that testimony (*see generally People v Walek*, 28 AD3d 1246 [2006], *lv denied* 7 NY3d 764 [2006]).

We reject defendant's further contention that County Court abused its discretion in refusing to permit several witnesses to testify that they heard another witness repeat a remark allegedly made by the victim to that witness. The defense theory at trial was that defendant struck the victim because the victim made an offensive remark to one of defendant's companions when the companion asked the victim for money, not because defendant intended to rob the victim. Contrary to defendant's contention, the testimony was hearsay inasmuch as it was offered for the truth of the facts asserted in the statement of defendant's companion, i.e., that the victim made the offensive remark (*see generally People v Huertas*, 75 NY2d 487, 491-492 [1990]), and the testimony does not fall within an exception to the hearsay rule (*cf. People v Matthews*, 16 AD3d 135, 137 [2005], *lv denied* 4 NY3d 888 [2005]).

We reject defendant's further contention that the court erred in ruling that a defense witness could testify that defendant admitted that he struck the victim but could not testify that defendant stated that he did so because the victim made an offensive remark. Contrary to the contention of defendant, the exculpatory portion of the statement was not admissible as part of his complete statement inasmuch as the inculpatory portion of the statement had not been offered against him (*see* Prince, Richardson on Evidence § 8-210 [Farrell 11th ed]). Rather, the statement "was essentially a factual assertion of his innocence constituting hearsay" (*People v Villanueva*, 35 AD3d 229, 230 [2006]; *see People v Reynoso*, 73 NY2d 816, 819 [1988]; *see also People v Pearson*, 28 AD3d 587 [2006], *lv denied* 7 NY3d 793 [2006]).

By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the court abused its discretion in ruling that the People could cross-examine him with respect to previous convictions of petit larceny, criminal possession of stolen property and burglary, all of which had occurred within the previous five years (*see generally People v Alston*, 27 AD3d 1141, 1141-1142 [2006], *lv denied* 6 NY3d 892 [2006]). In any event, we conclude that those convictions involve "acts of individual dishonesty" (*People v Sandoval*, 34 NY2d 371, 377 [1974]), and the court's ruling thus does not constitute an abuse of discretion (*see Alston*, 27 AD3d at 1142).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.