■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN R. HAWKINS, Appellant. [851 NYS2d 789]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 24, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts) and burglary in the second degree.

It is hereby ordered that the judgment so appealed from is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [2], [3] [depraved indifference murder and felony murder, respectively]) and one count of burglary in the second degree (§ 140.25 [2]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of depraved indifference murder on the ground that the evidence established an intentional murder and no other crime. In support of his motion for a trial order of dismissal of that count at the close of the People's case, defendant contended "that the People . . . failed to prove a prima facie case of [d]epraved [i]ndifference [m]urder" and that, "[n]ot only [did] they fail to prove a prima facie case that [defendant] was the perpetrator of the homicide[,] . . . they failed to prove that [defendant] acted with [d]epraved [i]ndifference." It is well established that, "even where a motion to dismiss for insufficient evidence [is] made, the preservation requirement compels that the argument be 'specifically directed' at the alleged error" (*People v Gray*, 86 NY2d 10, 19 [1995], quoting *People v Cona*, 49 NY2d 26, 33 n 2 [1979]; *see also People v Montes*, 225 AD2d 1052 [1996], *lv denied* 88 NY2d 882 [1996]). It is unclear whether defendant's motion for a trial order of dismissal was directed at the alleged legal insufficiency of the evidence of recklessness or at the depraved indifference factual setting in which the murder took place. In either event, defendant failed to preserve for our review his present contention that the evidence is legally insufficient to support the conviction of depraved indifference murder. We note that defendant was not charged with intentional murder, and thus it cannot be said that defense counsel would have been reticent to base his motion for a trial order of dismissal on the contention that, if defendant *committed murder, he committed it intentionally rather* than recklessly.

We reject defendant's further contention that Supreme Court erred in admitting in evidence a blood sample based on an allegedly inadequate chain of custody for that sample. Contrary to

defendant's contention, the evidence " 'sufficiently established the authenticity of that evidence through reasonable assurances of identity and unchanged condition' . . . , and [thus] any irregularities in the chain of custody went to the weight of the evidence rather than its admissibility" (*People v Washington*, 39 AD3d 1228, 1230 [2007], *lv denied* 9 NY3d 870 [2007]; *see People v Madison*, 8 AD3d 956, 957 [2004], *lv denied* 3 NY3d 709 [2004]; *see generally People v Julian*, 41 NY2d 340, 343-344 [1977]).

Additionally, by failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the court abused its discretion in permitting the People to cross-examine him with respect to the existence, but not the underlying facts, of two of his four prior burglary convictions (*see People v Hawkes*, 39 AD3d 1209 [2007], *lv denied* 9 NY3d 845 [2007]; *People v Robles*, 38 AD3d 1294, 1295 [2007], *lv denied* 8 NY3d 990 [2007]). In any event, we conclude that "those convictions involve 'acts of individual dishonesty' . . . , and the court's ruling thus does not constitute an abuse of discretion" (*Robles*, 38 AD3d at 1295; *see People v Sandoval*, 34 NY2d 371, 377 [1974]). Finally, the sentence is not unduly harsh or severe.

All concur except Scudder, P.J., and Green, J., who dissent in part and vote to modify in accordance with the following memorandum.

Scudder, P.J., and Green, J. (dissenting in part). We respectfully dissent in part. We disagree with the majority that defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of depraved indifference murder (Penal Law § 125.25 [2]), and we agree with defendant that the evidence is legally insufficient with respect to that crime. We therefore would modify the judgment by reversing that part convicting defendant of murder in the second degree under count one of the indictment and dismissing that count of the indictment.

At trial, the People presented the tape of a 911 call establishing that defendant entered the victim's home by breaking a window with a hammer and that the victim yelled at defendant to get out of his house and to "let go," after which the victim was heard groaning. They also presented evidence establishing that the victim had six lacerations on his head, including one laceration that exposed brain matter, that he had multiple bruises on his brain and extensive hemorrhaging around it, and that he died from blunt head trauma. Where, as here, "there is no record support . . . for the jury's decision that [the] defendant's conduct . . . was reckless and depraved, rather

than intentional, the jury's finding of depraved indifference murder cannot be upheld" (*People v Hafeez*, 100 NY2d 253, 256 [2003]; *see People v Suarez*, 6 NY3d 202, 208-210 [2005]; *People v Gonzalez*, 1 NY3d 464, 466-468 [2004]).

We recognize that defendant could not preserve for our review his contention with respect to the alleged legal insufficiency of the evidence of depraved indifference murder simply by moving for a trial order of dismissal on the general ground that the People failed to prove a prima facie case of depraved indifference murder (*see People v Finger*, 95 NY2d 894, 895 [2000]). Here, however, in addition to raising the general ground that the People failed to prove "a prima facie case of depraved indifference murder," defendant moved for a trial order of dismissal on the grounds that the People failed to prove that he was the perpetrator of the murder and failed to prove that the perpetrator "acted with [d]epraved [i]ndifference." It of course is assumed that Supreme Court was aware of the elements of depraved indifference murder and thus would have recognized that the motion was addressed to the legal insufficiency of the evidence with respect to the state of mind and nature of the conduct of the perpetrator. Thus, in our view, defendant satisfied the requirement set forth by the Court of Appeals in *People v Gray* (86 NY2d 10, 19 [1995]), i.e., that his argument be " 'specifically directed' at the alleged error," thereby bringing to the attention of the court his contention that the People failed to prove essential elements of the crime of depraved indifference murder (*see id.*; *cf. Finger*, 95 NY2d at 895; *People v Acevedo*, 44 AD3d 168, 172 [2007], *lv denied* 9 NY3d 1004 [2007]).

We find of great significance the fact that the decision of the Court of Appeals in *People v Payne* (3 NY3d 266 [2004], *rearg denied* 3 NY3d 767 [2004]) supports our determination herein that defendant preserved his contention for our review. The defendant in *Payne* was acquitted of intentional murder and convicted of depraved indifference murder and, according to Judge Read's dissent in that case, the defendant had moved to dismiss the count charging depraved indifference murder on the ground " 'that one shot from a shotgun is not depraved indifference action as . . . contemplated by the legislature and enunciated by the courts in their decisions throughout the years' " (*id.* at 278). In our view, the basis for that motion is essentially the same as the basis for the motion made by defendant herein, inasmuch as the state of mind and nature of the conduct are incorporated in the phrase "depraved indifference action" (*id.*). The majority in *Payne* did not specifically discuss the contents

of the motion and whether it was specific enough pursuant to *Gray* (86 NY2d at 19) to preserve the defendant's contention for appellate review. Nevertheless, in response to the dissent's position that the contention of the defendant was not preserved for appellate review because the defendant failed to renew his motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]), the majority wrote that, "contrary to the dissent, defendant has preserved his claim that he did not commit depraved indifference murder" (*Payne*, 3 NY3d at 273). Thus, in our view, it is implicit in the Court's decision in *Payne* that, where, as here, a motion for a trial order of dismissal addresses the failure to prove that the defendant acted with depraved indifference, the defendant has preserved for appellate review his contention that the evidence is legally insufficient to support a conviction of depraved indifference murder (*cf. People v Danielson*, 40 AD3d 174, 176 [2007], *affd* 9 NY3d 342 [2007]; *Acevedo*, 44 AD3d at 172).

We recognize the concern expressed by the First Department that, because the Court of Appeals has now clarified the distinction between depraved indifference murder and intentional murder (*see Suarez*, 6 NY3d at 208-210; *Gonzalez*, 1 NY3d at 468-469; *Hafeez*, 100 NY2d at 256), there has been "a surge of incarcerated defendants eager to 'confess' to intentional homicide as a way of having their convictions for depraved indifference murder reversed while secure in the knowledge that the Double Jeopardy Clauses of the Federal and State Constitutions bar their retrial for intentional murder" (*Acevedo*, 44 AD3d at 171). Here, however, defendant was charged with depraved indifference murder and felony murder, and he denies that he killed the victim. Thus, the contention of defendant on this appeal that the jury should not have been charged on the count of depraved indifference murder is not an " 'unseemly assertion that he is entitled to relief because he intentionally murdered the victim, rather than having recklessly caused his death' " (*id.* at 172).

In sum, the majority is imposing a requirement that defendant explain to the court not only what the People *failed* to prove, i.e., depraved indifference murder, but also what the People instead proved, i.e., the uncharged crime of intentional murder. Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.