# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1325**
**KA 11-01594**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANEUDI VASQUEZ, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered June 27, 2011. The judgment convicted defendant, upon a jury verdict, of attempted burglary in the second degree and attempted criminal trespass in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of attempted criminal trespass in the second degree (Penal Law §§ 110.00, 140.15) and attempted burglary in the second degree (§§ 110.00, 140.25 [2]) and, in appeal No. 2, he appeals from a judgment convicting him following the same jury trial of three counts of burglary in the second degree (§ 140.25 [2]). Defendant contends that Supreme Court erred in denying his motion to sever the two indictments, as well as the individual counts of the indictments. We reject that contention. In all of the offenses, which occurred during a nine-day period, the perpetrator accessed or attempted to access residences through a window after mutilating the window screen, and the residences were located in the same general neighborhood. "Even though the offenses were based upon [five] separate incidents, proof of one criminal transaction 'would be material and admissible as evidence[-]in[-]chief upon a trial' of the other charges" (*People v Davis*, 156 AD2d 969, 970, *lv denied* 75 NY2d 867, quoting CPL 200.20 [2] [b]; *see People v Griffin*, 26 AD3d 594, 595, *lv denied* 7 NY3d 756). Here, as in *Davis*, the "modus operandi in all [of the incidents] was sufficiently similar to tend to establish [the perpetrator's] identity" (156 AD2d at 970; *see generally People v Beam*, 57 NY2d 241, 250), and the evidence of defendant's commission of the completed burglaries "was material and relevant on the [attempted offenses] to establish defendant's intent to commit a crime" in those

residences (*Griffin*, 26 AD3d at 595).

We reject the further contention of defendant that he was denied a fair trial by prosecutorial misconduct on summation. Defendant specifically challenges two statements, and he failed to preserve for our review any challenge to the second statement based on his failure to specify the basis for that objection (*see People v Tonge*, 93 NY2d 838, 839-840; *People v Beggs*, 19 AD3d 1150, 1151, *lv denied* 5 NY3d 803). We nevertheless exercise our power to review defendant's challenge to the second statement as well as the first, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The prosecutor began his summation by telling the jury that, although the length of the trial and the number of witnesses suggested that there was a question about defendant's guilt, there was no real question of defendant's guilt and the only reason they were all in the courtroom was "simply because the defendant pled not guilty to the[ ] crimes." After defense counsel's objection to that statement was sustained and a curative instruction was given to the jury, the prosecutor continued by stating, "[N]o matter how guilty you are, even if a police officer actually sees you in the act . . . [,] even if your fresh footprints in the snow lead directly back to an apartment window that you had just attempted to burglarize minutes earlier, even if you leave your fingerprints on property that was moved during the course of three separate burglaries, our system of justice allows you to plead not guilty and have a trial." We agree with defendant that those statements "inappropriately insinuated that the defendant should not have elected to exercise his right to a trial because" of the amount of evidence against him (*People v Pagan*, 2 AD3d 879, 880), and "impermissibly denigrated the fact that defendant elected to avail himself of his due process right to a trial" (*People v Rivera*, 116 AD2d 371, 373). Contrary to defendant's contention, however, reversal is not warranted and would be " 'an ill-suited remedy' " in this case (*People v Galloway*, 54 NY2d 396, 401). The comments were isolated, and they were not so egregious as to deprive defendant of a fair trial (*see People v Rivera*, 281 AD2d 927, 928, *lv denied* 96 NY2d 906; *cf. Pagan*, 2 AD3d at 880-881; *Rivera*, 116 AD2d at 373-376; *see generally People v Rubin*, 101 AD2d 71, 77-78, *lv denied* 63 NY2d 711). Finally, we conclude that the sentence, as reduced by operation of law (*see* Penal Law § 70.30 [1] [former (e) (i)]), is not unduly harsh and severe.

Entered: December 23, 2015                    Frances E. Cafarell
                                              Clerk of the Court