People v Davis
2026 NY Slip Op 04055
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRONE S. DAVIS, JR., DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
253 KA 24-01093
Present: Montour, J.P., Ogden, Greenwood, Nowak, And Hannah, JJ.

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Cayuga County Court (Jon E. Budelmann, A.J.), rendered April 30, 2024. The judgment convicted defendant, upon a jury verdict, of aggravated family offense, criminal contempt in the first degree and aggravated harassment in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of aggravated family offense (Penal Law
§ 240.75), criminal contempt in the first degree (§ 215.51 [b] [iii]) and aggravated harassment in the second degree (§ 240.30 [1] [a]).
Contrary to defendant's contention, the conduct of County Court did not deprive him of a fair trial (see People v Parker, 197 AD3d 732, 734 [2d Dept 2021]; People v DeNormand, 1 AD3d 1047, 1048 [4th Dept 2003], lv denied 1 NY3d 626 [2004]; cf. People v Yut Wai Tom, 53 NY2d 44, 60-61 [1981]; see also People v Moulton, 43 NY2d 944, 946 [1978]).
We reject defendant's contention that the court erred in refusing to admit in evidence an order of protection issued in favor of defendant. The court did not abuse its broad discretion in making the evidentiary ruling inasmuch as the order of protection in defendant's favor is not relevant to the elements of the crimes charged against him (see generally People v Aska, 91 NY2d 979, 981 [1998]).
Contrary to defendant's further contention, to the extent that defendant preserved his challenge to the sufficiency of the evidence (see generally People v Hawkins, 48 AD3d 1279, 1280 [4th Dept 2008], affd 11 NY3d 484 [2008]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). To the extent defendant's challenge is unpreserved, "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Sawyer, 242 AD3d 1541, 1542 [4th Dept 2025], lv denied 44 NY3d 1054 [2025] [internal quotation marks omitted]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court