■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN L. GILMAN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered September 2, 1986, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and robbery in the first degree.

Defendant was seen escorting the victim to his apartment house at 20 Clay Street in the Village of Malone, Franklin County, by a police officer who knew him personally and noted that he was wearing a maroon jacket, black shirt and blue jeans. Before the crimes were discovered, the victim's landlady saw a man with the victim inside the apartment house and leaving the building alone. The man fit defendant's description both as to physical appearance and clothing. The same police-

man saw defendant again on the street some 200 feet from the apartment house in responding to the landlady's complaint about a trespasser. The officer could trace defendant's tracks from the apartment house in freshly fallen snow. After the crimes were discovered and reported, police officers went to the apartment which defendant shared with a girlfriend who had previously rented it. They were let in by the girlfriend and shown to the room where defendant was sleeping. On the floor in plain view the officers observed a maroon jacket, black shirt and blue jeans. After defendant admitted wearing them the previous night, he was arrested. Following a jury trial, defendant was found guilty of attempted murder in the second degree and robbery in the first degree.

The conviction should be affirmed. There was amply sufficient evidence at the suppression hearing to support County Court's finding that the police entry into the apartment where defendant lived was with the consent of defendant's girlfriend. Hence, the absence of an arrest warrant for defendant or search warrant for the apartment created no infirmity in the legality of the seizure of defendant's clothing or his subsequent arrest. Consensual entry is an exception to the principle that an entry into a home to conduct a search or make an arrest is unreasonable under the Fourth Amendment unless done pursuant to a warrant *(Steagald v United States,* 451 US 204, 211). The consent of defendant's girlfriend, who had rented the apartment and occupied it even before defendant moved in, was sufficient to make the entry lawful for purposes of a warrantless search or arrest *(see, People v Cosme,* 48 NY2d 286, 290-291). Likewise, County Court was justified in concluding that the single question the police asked defendant concerning his wearing the clothing the night before was investigative and noncustodial under the circumstances *(see, People v Crocker,* 125 AD2d 132, 134).

The only other point raised by defendant meriting discussion is directed to County Court's refusal of defendant's request to charge concerning a discrepancy between the testimony of a police officer at the suppression hearing and at the trial in describing the knife removed from the victim. Defendant sought a charge that the prior inconsistent description of the knife at the suppression hearing was evidence-in-chief that the knife introduced in evidence at the trial was not the weapon removed from the victim's body. Whatever different rule may be applicable in civil cases, the law is clear that in a criminal case a prior inconsistent statement does not constitute evidence-in-chief and may only be used for impeachment

purposes (CPL 60.35 [2]; *People v Romandette,* 111 AD2d 1040, 1042).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.