■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS WILLIAMS, Appellant. [692 NYS2d 349] —Judgment, Supreme Court, New York County (Herbert Altman, J., on speedy trial motion; Jeffrey Atlas, J., at hearing, jury trial and sentence), rendered February 19, 1997, convicting defendant of assault in the first degree, criminal possession of a weapon in

the second degree and criminal possession of a weapon in the third degree, and sentencing him to two concurrent terms of 7 to 14 years concurrent with a term of 3½ to 7 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The lineup was not unduly suggestive, and defendant's only "distinctive" characteristic, his hair style, was not an issue, since all members of the lineup wore hats. There is no indication in the record that defendant asked for an attorney to be present during the lineup, and, in any event, there is no obligation to supply one for an investigatory lineup, as was conducted here (*see, People v Hawkins*, 55 NY2d 474, 487, *cert denied* 459 NY2d 846).

The verdict was based on legally sufficient evidence. We see no reason to disturb the jury's determinations concerning identification.

Defendant's claim that his speedy trial motion should have been granted is unreviewable because defendant has not provided minutes of any of the relevant adjournments (*see, People v Olivo*, 52 NY2d 309, 320). On the existing record, we conclude that the motion was properly denied.

Based on the minutes and the jury verdict sheet, it is clear that the foreman merely misspoke when he declared that the jury had found defendant guilty of assault in the second degree, a crime that was never charged to the jury, and it is likewise clear that the jury actually found defendant guilty of assault in the first degree (*see, People v Justiniano*, 203 AD2d 139, 140, *lv denied* 83 NY2d 968). For the same reasons, defendant was not denied effective assistance of counsel by his attorney's failure to raise this issue before the trial court.

We perceive no abuse of sentencing discretion.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.