■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RUBEN, Appellant. [701 NYS2d 232] —Judgment unanimously affirmed. Memorandum: County Court properly refused to suppress items of physical evidence seized by the police as the fruits of an illegal stop and arrest. The flight of defendant and codefendant in response to the approach of a police officer, together with their temporal and geographic proximity to the scene of the burglary and their resemblance to the description of the burglars, supported the officer's reasonable suspicion that they had committed the burglary. Thus, the warrantless stop was lawful (*see, People v Hicks*, 68 NY2d 234, 238; *People v De Bour*, 40 NY2d 210, 223). After the patdown for weapons revealed a wad of jewelry, the officer reasonably detained defendant and codefendant while witnesses were transported to the scene of the stop (*see, People v Hicks, supra*, at 242-243). The victim of the burglary identified the jewelry as items stolen from her townhouse, and an investigating police lieutenant identified defendant's footprints as matching footprints leading to other items stolen in the burglary. Defendant's warrantless arrest following those identifications was supported by "reasonable cause to believe" that defendant had committed a crime (CPL 140.10 [1] [b]).

The court erred in denying defendant's motion to suppress statements made without the benefit of *Miranda* warnings in response to police questioning. That questioning preceded the arrest but followed the stop of defendant and codefendant and the discovery of the jewelry. At that point, a reasonable person in defendant's position would have considered himself to be in custody (*see, People v Yukl*, 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851), and thus the police interrogation should have been preceded by *Miranda* warnings.

Reversal is not required, however, because the evidence of guilt is overwhelming and there is no reasonable possibility that the error contributed to the conviction (*see, People v Crimmins,* 36 NY2d 230, 237).

The evidence, viewed in the light most favorable to the People (*see, People v Thompson,* 72 NY2d 410, 413, *rearg denied* 73 NY2d 870), is legally sufficient to support the conviction (*see, People v Bleakley,* 69 NY2d 490, 495). The verdict is not contrary to the weight of the evidence (*see, People v Bleakley, supra,* at 495). (Appeal from Judgment of Monroe County Court, Connell, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Green, Pigott, Jr., Hurlbutt and Balio, JJ.