■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SMITH, Appellant. [739 NYS2d 697] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered June 28, 2000, convicting defendant, after a jury trial, of burglary in the second degree and possession of burglar's tools, and sentencing him, as a second violent felony offender, to concurrent terms of nine years and one year, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The circumstances facing the police officers provided them with a reasonable suspicion that defendant had committed the crime of burglary, justifying a protective frisk (see, People v Mack, 26 NY2d 311, cert denied 400 US 960). Defendant matched the general description of a local burglary suspect, he was seen entering and leaving a succession of apartment buildings in a noticeably furtive manner during the same hours that the previous local burglaries had occurred, he became visibly nervous when he was stopped by the police, and he gave false and conflicting answers to police inquiries (see, People v Rosa, 138 AD2d 756, lv denied 72 NY2d 866).

The court properly exercised its discretion in admitting carefully limited testimony that there had been an increase in burglaries in the area. This was not uncharged crimes evidence since there was never any suggestion that defendant was linked to those burglaries. The evidence provided necessary background information to explain the reason for the heavy police presence in the area (see, People v Square, 262 AD2d 154, lv denied 94 NY2d 829; People v Washington, 259 AD2d 365, lv denied 93 NY2d 1006). Moreover, the court provided the jury with thorough limiting instructions making it clear that the jury was not to consider the increase in burglaries in the area as evidence that defendant had committed other crimes.

The court did not preclude defendant from pursuing any appropriate theory of defense. On the contrary, the court appropriately cautioned defendant that certain inquiries would open the door to the damaging evidence concerning the pattern of burglaries in the area, and defendant dropped the subject.

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, P.J., Tom, Saxe, Rubin and Friedman, JJ.