■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE THOMPSON, Appellant. [743 NYS2d 764] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered March 16, 2001, convicting defendant after a jury trial of, inter alia, grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and endangering the welfare of

a child (§ 260.10 [1]). Contrary to defendant's contention, County Court's *Sandoval* ruling did not constitute an abuse of discretion. The court properly balanced the probative value of defendant's prior larceny convictions against their potential for undue prejudice (*see People v Walker,* 83 NY2d 455, 459; *People v Matta,* 286 AD2d 944, *lv denied* 97 NY2d 731; *People v Laraby,* 219 AD2d 817, *lv denied* 88 NY2d 849, 937). Inquiry into prior criminal conduct is not barred merely because it is similar to the conduct underlying the instant charges (*see People v Pavao,* 59 NY2d 282, 292; *People v Castaldi,* 209 AD2d 961, *lv dismissed* 84 NY2d 1029). Moreover, the court did not err in permitting inquiry into the nature of the prior convictions or their underlying facts (*see People v Hayes,* 97 NY2d 203, 207-208).

The court did not err in admitting in evidence the price tags on the stolen merchandise or the testimony of two store employees concerning the aggregate value of the merchandise (*see e.g. People v Wandell,* 285 AD2d 736, 737; *People v Smith,* 275 AD2d 673, 673, *lv denied* 95 NY2d 969; *People v Wynn,* 176 AD2d 375, 377).

The final order of protection, granted in favor of a witness to the act of grand larceny of which defendant was convicted (*see* CPL 530.13 [4]), is legally permissible in duration. In the case of such felony conviction, the duration of the order of protection may extend for three years from the date of the expiration of the maximum term of an indeterminate sentence of imprisonment actually imposed (*see* 530.13 [4] [ii]). Thus, the order of protection issued in this case could validly extend until March 15, 2008.

Even assuming, arguendo, that the statements of defendant were elicited in violation of her *Miranda* rights and therefore should have been suppressed, we conclude that any error in the admission of those statements is harmless beyond a reasonable doubt (*see People v Crimmins,* 36 NY2d 230, 237; *People v Snyder,* 281 AD2d 894, *lv denied* 96 NY2d 868; *People v Ruben,* 267 AD2d 961, 961-962, *lv denied* 94 NY2d 924).

Defendant's remaining contentions were raised on the appeal of a codefendant and were determined to be without merit (*see People v Banks,* 294 AD2d 934). Present—Pigott, Jr., P.J., Hayes, Kehoe, Gorski and Lawton, JJ.