THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE D. WILLIAMS, Appellant. [771 NYS2d 757]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered April 2, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that Supreme Court erred in denying his motion to suppress the weapon. We reject that contention. Police officers received a dispatch of a burglary in progress being committed by a black male wearing a gray sweatshirt. Officers arrived at the scene within minutes and observed defendant, a black male who was a known burglar, walking down a driveway within 60 feet of the reported site of the burglary in progress. Defendant was wearing a gray sweatshirt and was the only person observed in the area. After engaging defendant in conversation, the officers attempted to frisk him for weapons. Defendant fled but was eventually apprehended, and a knife was found in his pocket.

We conclude that the officers had reasonable suspicion to stop and detain defendant (see People v Casillas, 289 AD2d 1063, 1063-1064 [2001], lv denied 97 NY2d 752 [2002]; see also People v Torres, 239 AD2d 154 [1997], lv denied 90 NY2d 898 [1997]). Given the nature of the dispatch, we further conclude that the officers were justified in attempting to frisk defendant (see People v Mack, 26 NY2d 311, 317 [1970], cert denied 400 US 960 [1970]; see also People v Smith, 292 AD2d 280 [2002], lv denied 98 NY2d 681 [2002]; Torres, 239 AD2d at 154). When defendant fled before the officers could frisk him, the officers were justified in their pursuit and seizure of him (see People v Ruben, 267 AD2d 961 [1999], lv denied 94 NY2d 924 [2000]; see also People v Lipsey, 247 AD2d 246 [1998], lv denied 91 NY2d 974 [1998]; People v Ellison, 222 AD2d 693, 694 [1995], lv denied 87 NY2d 1019 [1996]). We therefore conclude that the court properly denied defendant's suppression motion. Present—Pine, J.P., Wisner, Scudder, Kehoe and Hayes, JJ.