■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MORALES, Appellant. [785 NYS2d 241]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered October 6, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]). We reject the contention of defendant that County Court abused its discretion in denying his motion to proceed pro se. Defendant's motion was not made prior to the commencement of trial and thus was untimely (*see People v McIntyre*, 36 NY2d 10, 17 [1974]). "Once the trial has begun the

right [to proceed pro se] is severely constricted and will be granted in the trial court's discretion and only in compelling circumstances'' (*id.*). No compelling circumstances were established herein. Contrary to defendant's further contention, the court's *Sandoval* ruling, pursuant to which the court allowed the People to cross-examine defendant with respect to prior robbery and burglary convictions, did not constitute an abuse of discretion (*see People v Thompson*, 295 AD2d 917, 918 [2002], *lv denied* 98 NY2d 772 [2002]; *People v Freeney*, 291 AD2d 913, 914 [2002], *lv denied* 98 NY2d 637 [2002]). Defendant's challenge to the legal sufficiency of the evidence is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]), and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe. Finally, we reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Lawton, JJ.