# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**77**

**KA 06-02430**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

ROBERT A. LYNCH, DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 8, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree (two counts) and robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the third degree (§ 160.05) and two counts of robbery in the second degree (§ 160.10 [1], [2] [a]). Contrary to defendant's contention, "[t]he showup [identification procedure] was not rendered unduly suggestive by factors '[i]nherent in any showup' . . ., including the victim's apparent awareness that [she] was viewing a possible suspect and the presence of police officers guarding defendant" (*People v Grant*, 77 AD3d 558, 558). In addition, "[t]he circumstances that defendant was handcuffed behind his back . . . and that the [victim] was told that [she] would be viewing a suspect, did not render the procedure unduly suggestive" (*People v Edwards*, 259 AD2d 343, 344, *lv denied* 93 NY2d 969; *see People v Lewis*, 306 AD2d 931, *lv denied* 100 NY2d 596).

Defendant failed to preserve for our review his further contention that the jury actually convicted him of robbery in the third degree as a lesser included offense of robbery in the first degree as charged in the second count of the indictment, rather than robbery in the first degree (*see People v Nairne*, 258 AD2d 671, *lv denied* 93 NY2d 1003, 1004; *People v Rundblad*, 154 AD2d 746, 747-748; *see generally People v Mercado*, 91 NY2d 960, 963; *People v Marilla*, 7 NY2d 319, 320). In any event, "[b]ased on the minutes and the jury

verdict sheet" (*People v Williams*, 262 AD2d 218, 219, *lv denied* 93 NY2d 1046), as well as County Court's charge to the jury, it is clear that the court clerk merely misspoke when she asked whether the jury found defendant guilty of robbery in the third degree and that the jury actually found defendant guilty of robbery in the first degree as charged in the second count. Furthermore, with respect to the second count, the court instructed the jury, inter alia, to consider robbery in the third degree as a lesser included offense of robbery in the first degree only if it found defendant not guilty of the charged offense, and the jury rendered only a single guilty verdict on the second count. When taking the verdict in court, the court clerk also indicated that the crime was "Robbery in the Third Degree, Dangerous Instrument," and the use or threat of use of a dangerous instrument is an element of robbery in the first degree as charged in the second count (*see* Penal Law § 160.15 [3]). Robbery in the third degree has no such requirement (*see* § 160.05).

Insofar as defendant contends that the verdict is repugnant because, inter alia, he was acquitted of robbery in the first degree as charged in the first count of the indictment but convicted of that crime as charged in the second count, we conclude that he failed to preserve that contention for our review by failing to object to the verdict before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court