(April 7, 2011)

1   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CLINKSCALES, Appellant. [919 NYS2d 533]—

McCarthy, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 25, 2008, upon a verdict convicting defendant of the crimes of attempted burglary in the first degree (two counts) and criminal possession of a weapon in the second degree.

When police officers responded to a dispatch call for a burglary in progress by two black males at a specific address, they encountered defendant and codefendant Qoya Jones—both of whom are black males—on the porch at that address. Both were wearing hooded sweatshirts on a day when the temperature was approximately 80 degrees. The officers asked if the men lived there, and each responded that he did not. The officers then attempted to pat down the two men, but Jones fled the scene. Defendant initially complied with the command to place his hands on his head, but when the officer pursuing Jones announced on the radio that he saw a gun, defendant pushed the nearby officer, struggled until they fell down the stairs together, then began to flee. When the officer apprehended defendant, he searched him and found a shotgun shell.

Defendant was charged with attempted burglary in the first degree (two counts) and criminal possession of a weapon in the second degree. County Court denied defendant's motion to suppress the shotgun shell. A jury convicted him of all charges and the court imposed three concurrent sentences of 13 years in prison, followed by five years of postrelease supervision. Defendant appeals.

County Court properly denied defendant's suppression motion. Given the nature of the dispatch as a burglary in progress—an inherently dangerous crime—along with the presence of defendant and Jones at the scene and their admission that they did not live there, the officers were justified in momentarily detaining the two men and patting them down for weapons to ensure officer safety (see People v Mack, 26 NY2d 311, 317 [1970], cert denied 400 US 960 [1970]; People v Watts, 43 AD3d 256, 258 [2007], lv denied 9 NY3d 965 [2007]; People v Williams, 4 AD3d 852 [2004], lv denied 2 NY3d 809 [2004]). In

any event, the officer did not have an opportunity to conduct a frisk because defendant pushed him, began to struggle and then fled. At that point, defendant had committed a crime and the officer was justified in arresting him. The shotgun shell seized subsequent to his arrest was therefore admissible (*see People v Stone*, 197 AD2d 356, 356 [1993], *lv denied* 82 NY2d 904 [1993]; *People v Buyce*, 152 AD2d 857, 859 [1989], *lv denied* 74 NY2d 845 [1989]).

Defendant received the effective assistance of counsel. Some of defendant's current arguments are based upon information outside the record, preventing review on appeal and more appropriately the subject of a motion pursuant to CPL article 440 (*see People v Rivera*, 78 AD3d 1423, 1424 [2010]). Most of his arguments are simply disagreements with defense or trial strategy, but we will not second-guess such strategic decisions (*see People v McCall*, 75 AD3d 999, 1002 [2010], *lv denied* 15 NY3d 894 [2010]; *People v Peele*, 73 AD3d 1219, 1222 [2010], *lv denied* 15 NY3d 894 [2010]). Counsel did not move, posttrial, to set aside the verdict, but defendant was not prejudiced because County Court proceeded as if counsel had done so and denied the motion. Considering the totality of his representation, counsel effectively advocated for defendant by moving to suppress evidence, vigorously cross-examining witnesses, making reasonable objections and pursuing a plausible defense strategy.

At an early appearance, counsel informed County Court that defendant's prior felony charge was resolved by a youthful offender adjudication, which is not a judgment of conviction of a crime and "may not be used to establish second felony offender status for purposes of sentencing" (*People v McGriff*, 47 AD3d 1165, 1165 [2008], *lv denied* 10 NY3d 867 [2008]). While counsel subsequently may have mistakenly stated that defendant was a second felony offender, the court was aware of defendant's record and properly sentenced him as a violent felony offender (*see* Penal Law § 70.02 [1] [b]; [2] [a]; [3] [b]). Considering defendant's awareness that his codefendant had a gun, and defendant's conduct in injuring a police officer while attempting to flee the scene of the attempted burglary, we will not disturb the sentence.

Mercure, J.P., Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.