■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. SHAVER, Appellant. [927 NYS2d 226]—

McCarthy, J.

The victim was sleeping on a couch in her family's home when she awoke to find a man partially on top of her, touching her breast and attempting to put his hand down her pants. She tried to push the man off her and yelled at him to stop. The intruder fled the home, but the victim saw his clothing through a window as he ran away. Defendant, a contractor who had performed work in the family's home, was eventually charged with burglary in the second degree and sexual abuse in the first degree. After County Court (Vogt, J.H.O.) denied defendant's motion to suppress clothing that the police obtained from him, a jury convicted him of both counts. Supreme Court sentenced defendant to 13 years in prison and five years of postrelease supervision on the burglary count and seven years in prison on the sexual abuse count. Defendant appeals.

County Court properly denied defendant's suppression motion. At the hearing, a detective testified that when the police executed an arrest warrant at defendant's home, defendant was wearing only a T-shirt, pants and socks. Due to the weather conditions, the detective asked defendant if he wanted additional clothing. Defendant requested footwear and a coat. To preserve officer safety, the police did not allow defendant to retrieve ad-

ditional clothing himself. Defendant directed the detective to his bedroom. The detective testified that he did not open any drawers or closet doors, but retrieved a black leather jacket that was draped over a chair and a pair of boots that were on the floor. After reviewing his notes at the police station, the detective realized that the jacket and boots matched the victim's description of the clothing that the perpetrator wore when he committed the crime. Thus, the clothing was seized from defendant when he was processed at the jail. Giving deference to the hearing court's factual findings, which are supported by the testimony (*see People v Davis*, 58 AD3d 896, 898 [2009]), the evidence sufficiently established that the police were lawfully in defendant's house to effect his arrest pursuant to a warrant, they retrieved the items of clothing with defendant's consent and they properly seized the clothing upon discovering the potential link between this evidence and the crime (*see People v Gilman*, 135 AD2d 951, 952 [1987], *lv denied* 71 NY2d 896 [1988]). Therefore, the court properly denied defendant's motion to suppress his clothing.

The conviction was not against the weight of the evidence. Defendant was familiar with the family's habits and home, having worked there for many months, and his clothing matched that worn by the perpetrator. The victim testified that she awoke to find a man lying partially on top of her, touching her right breast. She struggled but could not get up, and she told the man several times to stop before he eventually covered her face and fled. The victim testified that after the incident, she found a hat next to the couch that had not been there when she went to sleep. DNA obtained from the hat's inner band matched defendant's DNA. A dried secretion on the victim's right breast contained DNA that was consistent with defendant's DNA mixed with at least one other person's, and the victim could not be ruled out as the other contributor; all of the alleles in the DNA obtained from the swab of the secretion could be accounted for by defendant and the victim. Defendant testified that he had no physical contact with the victim and was not present at the house on the night of the incident. He provided no plausible explanation for how his DNA could be present on the victim's breast. Defendant's only arguments concerning the weight of the evidence attack the credibility of certain witnesses or inconsistencies in their testimony; these matters were either irrelevant or were considered by the jury. Independently viewing the evidence, but deferring to the jury's credibility determinations, we find that the weight of the evidence supports the verdict (*see People v Porter*, 82 AD3d 1412, 1414-1415 [2011], *lv denied* 16 NY3d 898 [2011]).

Although the People failed to provide the defense with their first witness's grand jury testimony prior to him taking the stand at trial (*see* CPL 240.45 [1]), the transcript was turned over prior to cross-examination. Defense counsel was given time to review the grand jury testimony and actually used it to cross-examine the witness. As the error was remedied and defendant did not ask for any sanction, his argument about the *Rosario* violation is unpreserved for our review (*see People v Rogelio*, 79 NY2d 843, 844 [1992]).

Supreme Court did not deprive defendant of his constitutional right to confront witnesses. The court admitted into evidence a 911 call made by the victim and her mother immediately after the incident. The statements on the tape were not testimonial, as their purpose was to enable the police to meet an ongoing emergency and apprehend the perpetrator, not to provide evidence for later prosecution (*see Davis v Washington*, 547 US 813, 827-828 [2006]). In any event, the victim, her mother and one of the two 911 dispatchers who participated in the call testified at trial. The court permitted admission of the tape as a prior consistent statement due to the anticipated defense that the victim was fabricating the entire assault.* Defendant did not request a limiting instruction when the 911 tape was admitted or played to the jury, so he cannot now argue that the court erred in failing to give such an instruction (*see People v Marshall*, 65 AD3d 710, 712 [2009], *lv denied* 13 NY3d 940 [2010]).

Counsel provided defendant with effective assistance. Several of defendant's arguments against counsel pertain to evidence outside the record, which cannot be raised on direct appeal and are more appropriately addressed in a motion pursuant to CPL article 440 (*see People v Clinkscales*, 83 AD3d 1109, 1110 [2011]; *People v Rivera*, 78 AD3d 1423, 1424 [2010]). Defendant's other complaints are mainly disagreements with trial strategy, but we will not second-guess counsel's rational strategic decisions (*see People v Clinkscales*, 83 AD3d at 1110; *People v McCall*, 75 AD3d 999, 1002 [2010], *lv denied* 15 NY3d 894 [2010]).

Upon polling the jury at defendant's request after it announced its verdict of guilty on the first count of burglary in the second degree, the court clerk asked whether the jurors found defendant guilty of "burglary in the third degree" and each juror responded in the positive. The indictment charged defendant with burglary in the second degree, and no lesser included offense was submitted to the jury. Defendant's argument

---

* Supreme Court offered to exclude the tape if defendant stipulated that he was not going to make a claim of recent fabrication, but defendant would not so stipulate.

concerning this error—the clerk asking about the wrong degree—is unpreserved for our review because he failed to object before the jury was discharged, at a time when Supreme Court could have addressed and remedied the error (*see People v Lynch*, 81 AD3d 1292, 1292-1293 [2011]; *People v Nairne*, 258 AD2d 671, 671 [1999], *lv denied* 93 NY2d 1003 [1999]). Despite the clerk's misstatement while polling the jury, the record reflects that the jury convicted defendant of the only burglary charge presented, namely burglary in the second degree (*see People v Nairne*, 258 AD2d at 672).

Defendant's remaining contentions have been reviewed and found to be without merit.

Rose, J.P., Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.