# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**863**

**KA 10-00055**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ANGELA WILLIAMS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered September 18, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of burglary in the third degree (Penal Law § 140.20). Defendant failed to preserve for our review her contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence. Although an acquittal would not have been unreasonable, we cannot say that the jury failed to give the evidence the weight it should be accorded (*see generally Danielson*, 9 NY3d at 348; *People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that County Court failed to exercise its discretion in its *Sandoval* ruling and that, in the event that the court in fact exercised its discretion, the court abused its discretion. " 'The extent to which prior convictions bear on the issue of a defendant's credibility is a question entrusted to the sound discretion of the court, reviewable only for clear abuse of discretion' " (*People v Nichols*, 302 AD2d 953, 953, *lv denied* 99 NY2d 657). When the convictions that the People seek to use are for crimes of individual dishonesty, the convictions should usually be admitted on a trial for similar charges, " 'notwithstanding the risk of possible prejudice, because the very issue on which the offer is made

is that of the veracity of the defendant as a witness in the case' "
(*People v Arguinzoni*, 48 AD3d 1239, 1241, *lv denied* 10 NY3d 859; *see
People v Sandoval*, 34 NY2d 371, 377; *People v Alston*, 27 AD3d 1141,
1142, *lv denied* 6 NY3d 892).  The convictions the People sought to use
here, i.e., convictions of petit larceny, grand larceny, and criminal
possession of stolen property, are all convictions of crimes involving
individual dishonesty.  We conclude that the court properly exercised
its discretion in ruling that, if defendant testified, the People
could impeach defendant using the grand larceny conviction, two petit
larceny convictions, and one criminal possession of stolen property
conviction.  With respect to defendant's remaining convictions, the
court properly ruled that the People could generally ask defendant
whether she had been convicted of any other misdemeanors.

    Contrary to defendant's contention, she was not denied effective
assistance of counsel.  To establish that she received ineffective
assistance of counsel, defendant was required to demonstrate "the
absence of a strategic or other legitimate explanation for defense
counsel's alleged shortcomings" (*People v Smith*, 93 AD3d 1345, 1346,
*lv denied* 19 NY3d 967).  Here, defendant failed to establish that
defense counsel lacked a strategic or other legitimate reason for
asserting during his opening statement that defendant would testify or
for eliciting testimony that the individuals in the vehicle in which
defendant was riding were using drugs.  Indeed, it appears that it was
defense counsel's strategy to elicit an admission of drug use from the
driver of the vehicle so that defense counsel could impeach his
testimony.  Additionally, defendant was not denied effective
assistance of counsel due to defense counsel's failure to make certain
objections or arguments.  Rather, viewing defense counsel's
representation of defendant in its entirety, we conclude that
defendant was afforded meaningful representation (*see generally People
v Schulz*, 4 NY3d 521, 530).  Defendant's contentions that she was
denied effective assistance of counsel because defense counsel was
unprepared for trial and did not present a clear and consistent theory
of defense are not supported by the record.

    We further reject defendant's contention that the court failed to
make a sufficient inquiry into defendant's complaints about defense
counsel and her request for new representation.  Defendant did not
make "specific factual allegations of 'serious complaints about
counsel' " that required the court to conduct a minimal inquiry
(*People v Porto*, 16 NY3d 93, 100).  In any event, the court questioned
defendant about her complaints against defense counsel, and defendant
did not provide any further details about those complaints.

    We agree with defendant, however, that she was improperly
sentenced as a second felony offender.  When the court asked defendant
if she would admit to being convicted of grand larceny in the fourth
degree on March 26, 2004, she stated that she would not do so, that
she wanted a hearing, and that she did not remember the prior
conviction.  Under the circumstances, we agree with defendant that she
sufficiently controverted the allegations to warrant a hearing (*see*
CPL 400.21 [3], [5]).  We therefore modify the judgment by vacating
the sentence, and we remit the matter to County Court for resentencing

in compliance with the procedures set forth in CPL 400.21.

Entered:  September 28, 2012                      Frances E. Cafarell
                                                  Clerk of the Court