# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1327**
**KA 10-01107**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

ISIAH WILLIAMS, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered July 24, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree (four counts) and criminal possession of stolen property in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing in accordance with the following Memorandum: In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of four counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and one count of criminal possession of stolen property in the fifth degree (§ 165.40). In appeal No. 3, he appeals from a judgment convicting him upon a jury verdict of eight counts of criminal possession of a forged instrument in the second degree (§ 170.25), two counts of petit larceny (§ 155.25), and one count each of grand larceny in the third degree (§ 155.35 [1]), identity theft in the first degree (§ 190.80 [2]), and scheme to defraud in the first degree (§ 190.65 [1] [b]).

We first address the contentions of defendant with respect to appeal No. 2 that are preserved for our review. Contrary to defendant's contention, defense counsel neither became a witness against defendant nor made any statements adverse to him (*see People v Viscomi*, 286 AD2d 886, 886, *lv denied* 97 NY2d 763; *People v Caple*, 279 AD2d 635, 636, *lv denied* 96 NY2d 798; *see also People v Rivers*, 296 AD2d 861, 862, *lv denied* 99 NY2d 539). We reject defendant's contention that County Court's pretrial *Molineux* ruling constitutes an abuse of discretion (*see People v Molineux*, 168 NY 264, 293-294; *People v Siplin*, 66 AD3d 1416, 1417, *lv denied* 13 NY3d 942; *People v*

*Gonzalez*, 62 AD3d 1263, 1265, *lv denied* 12 NY3d 925). Moreover, the court's limiting instruction "served to alleviate any potential prejudice resulting from the admission of the evidence" (*People v Alke*, 90 AD3d 943, 944, *lv denied* 19 NY3d 994; *see People v Freece*, 46 AD3d 1428, 1429, *lv denied* 10 NY3d 811). Defendant's further contention that the court abused its discretion in overruling defense counsel's objection to the scope of the People's redirect examination of a witness lacks merit. "[D]efendant opened the door to the redirect examination by only partially exploring on cross-examination the issue whether the witness and defendant had engaged in criminal activity together in the past, rendering further examination and clarification on that issue appropriate" (*People v Blair*, 94 AD3d 1403, 1404, *lv denied* 19 NY3d 971; *see People v Massie*, 2 NY3d 179, 183-185). Contrary to defendant's contention, we also conclude that the court did not err in determining that the identification of defendant by two of the People's witnesses was confirmatory (*see People v Rodriguez*, 79 NY2d 445, 449-452; *People v Cancer*, 16 AD3d 835, 838-839, *lv denied* 5 NY3d 826; *People v Lainfiesta*, 257 AD2d 412, 415-416, *lv denied* 93 NY2d 926).

We next address the contentions defendant raises with respect to appeal No. 2 that are unpreserved for our review. Defendant's contention that the court erred in allowing a witness to testify that he had allegedly committed uncharged crimes outside the scope of the *Molineux* ruling is not properly before us inasmuch as defendant did not object at the time of that testimony (*see People v Manning*, 67 AD3d 1378, 1380, *lv denied* 14 NY3d 803). We decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Moreover, "[b]y failing to object to the court's ultimate *Sandoval* ruling, defendant [also] failed to preserve for our review his further contention . . . that the ruling constitutes an abuse of discretion" (*People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968). In any event, we conclude that the court's *Sandoval* ruling did not constitute a " 'clear abuse of discretion' " warranting reversal (*id.* at 1151-1152). Where, as here, "the convictions that the People seek to use are for crimes of individual dishonesty, the convictions should usually be admitted on a trial for similar charges, notwithstanding the risk of possible prejudice, because the very issue on which the offer is made is that of the veracity of the defendant as a witness in the case" (*People v Williams*, 98 AD3d 1234, 1235 [internal quotation marks omitted]).

We next address defendant's contentions relating to appeal No. 3. Defendant's contention that the court erred in failing to correct an alleged inconsistency between the verdict sheet and the jury's response to the poll concerning its verdict on the third count of the indictment is unpreserved for our review (*see People v Mercado*, 91 NY2d 960, 963; *People v Shaver*, 86 AD3d 800, 802-803, *lv denied* 18 NY3d 962, *reconsideration denied* 19 NY3d 967; *People v Lynch*, 81 AD3d 1292, 1292-1293, *lv denied* 17 NY3d 807). In any event, " '[b]ased on the minutes and the jury verdict sheet,' " it is clear that the clerk merely misspoke when she indicated that the jury had acquitted defendant of criminal possession of a forged instrument in the second

degree as charged in the third count of the indictment, and that the jury had actually found defendant guilty of that count (*Lynch*, 81 AD3d at 1293). Further, we note that the parties do not dispute that the fourth count of the indictment, which charged defendant with petit larceny, was later dismissed on the People's consent by an order of County Court (Vincent Dinolfo, J.), determining defendant's motion pursuant to CPL article 440. Consequently, defendant's contentions that the verdict convicting him of that crime is against the weight of the evidence, and that the prosecutor failed to correct perjured testimony with respect to that count, are academic.

Defendant next contends that the verdict is against the weight of the evidence insofar as it convicted him of criminal possession of a forged instrument in the second degree under count five of the indictment and petit larceny as a lesser included offense of grand larceny in the fourth degree under count seven of the indictment. Viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's further contention that the court erroneously admitted evidence of uncharged crimes not authorized by the *Molineux* ruling lacks merit (*cf. People v Ventimiglia*, 52 NY2d 350, 361-362).

We agree with defendant, however, that the court erred in failing to suppress the in-court identification of defendant by the witness who specifically linked him at trial to the charge set forth in count six of the indictment on the ground that it was based on an unduly suggestive photo array procedure. Contrary to the People's assertion, this contention is preserved for our review (*see People v Feingold*, 7 NY3d 288, 290). On the merits, the People did not meet their initial burden of establishing "the reasonableness of the police conduct and the lack of any undue suggestiveness" with respect to the first of two photo arrays in which the subject witness identified defendant inasmuch as there was no testimony with respect to that photo array (*People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833; *see People v Coleman*, 73 AD3d 1200, 1203). Contrary to the People's further assertion, the error in admitting that identification testimony is not harmless beyond a reasonable doubt (*cf. People v Siler*, 45 AD3d 1403, 1403, *lv denied* 10 NY3d 771; *People v Davis*, 15 AD3d 930, 931, *lv denied* 5 NY3d 761). We therefore grant that part of defendant's omnibus motion seeking to suppress the identification testimony with respect to count six of the indictment.

We further conclude with respect to both appeals, however, that the court erred in allowing defendant to proceed pro se. Here, prior to sentencing in appeal No. 2, the court granted defendant's request to proceed pro se after he made what were, in the court's view, baseless accusations against his respective attorneys. Defendant subsequently proceeded pro se at sentencing at the first trial, i.e., the trial at issue in appeal No. 2, and he likewise proceeded pro se throughout the second trial, i.e., the trial at issue in appeal No. 3. We conclude that the court erred in allowing defendant to proceed pro se inasmuch as it did not "undertake a searching inquiry . . . to

insur[e] that . . . defendant [was] aware of the dangers and disadvantages of proceeding without counsel" (*People v Crampe*, 17 NY3d 469, 481 [internal quotation marks omitted]; *see People v Allen*, 99 AD3d 1252, 1253).  Moreover, defendant did not forfeit his right to counsel.  " 'While egregious conduct by defendants can lead to a deemed forfeiture of the fundamental right to counsel' . . . there was no such conduct by defendant here to warrant 'an extreme, last-resort forfeiture analysis' " (*People v Bullock*, 75 AD3d 1148, 1149-1150, quoting *People v Smith*, 92 NY2d 516, 521).  We further conclude that the tainted proceedings adversely impacted defendant, thereby warranting vacatur of the sentence in appeal No. 2 and reversal of the judgment in appeal No. 3 (*see Allen*, 99 AD3d at 1253; *see generally People v Wardlaw*, 6 NY3d 556, 559).  We further note that the new trial granted with respect to appeal No. 3 should be preceded by a hearing to determine whether the subject witness with respect to count six of the indictment has an independent basis for an in-court identification of defendant (*see People v Delamota*, 18 NY3d 107, 119; *People v Wilson*, 5 NY3d 778, 780).

Finally, we have reviewed defendant's remaining contentions and conclude that they are either without merit or are rendered academic as a result of our decision herein.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court