# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**866**

**KA 10-02084**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KALVIN M. SMITH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered December 18, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that he was denied effective assistance of counsel on the ground that defense counsel, during the *Sandoval* hearing, conceded that defendant could be cross-examined, should he testify at trial, with respect to a 2004 conviction of criminal possession of stolen property in the fourth degree, a class E felony. We reject that contention. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (*People v Rivera*, 71 NY2d 705, 709; *see People v Benevento*, 91 NY2d 708, 712-713). Here, defense counsel conceded an issue that, in any event, would likely have been decided against defendant (*see generally People v Williams*, 98 AD3d 1234, 1235, *lv denied* 21 NY3d 947; *People v Robles*, 38 AD3d 1294, 1295, *lv denied* 8 NY3d 990), while at the same time arguing that the People should be precluded from using on cross-examination various other criminal convictions to impeach defendant's credibility. Supreme Court agreed in part with defense counsel and precluded cross-examination of defendant with respect to three other criminal convictions. Under the circumstances, we conclude that defendant failed to meet the requisite burden in support of his claim of ineffective assistance of counsel (*see Rivera*, 71 NY2d at 709).

Even assuming, arguendo, that defense counsel erred in making the limited *Sandoval* concession, we conclude that the single error was not so egregious as to deprive defendant of his right to a fair trial (*see generally People v Turner*, 5 NY3d 476, 480; *People v Cosby*, 82 AD3d 63, 67, *lv denied* 16 NY3d 857).  Viewed as a whole, the record establishes that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147; *People v Long*, 96 AD3d 1492, 1494, *lv denied* 19 NY3d 1027).

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court