# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1209
KA 14-00857
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JASON A. RANSIER, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (James M. Metcalf, A.J.), rendered February 14, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). "By failing to object to [County C]ourt's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention . . . that the ruling constitutes an abuse of discretion" (*People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968). In any event, we conclude that the court's *Sandoval* ruling did not constitute a "clear abuse of discretion warranting reversal" (*id.* at 1151-1152 [internal quotation marks omitted]). The court properly exercised its discretion in allowing the prosecutor to cross-examine defendant with respect to his prior conviction of criminal possession of stolen property in the fifth degree, a crime involving individual dishonesty (*see People v Williams*, 98 AD3d 1234, 1235, *lv denied* 21 NY3d 947). Contrary to defendant's contention, the court's *Sandoval* ruling was not inconsistent and contradictory merely because the court further ruled that the People could generally ask defendant whether he had been convicted of a felony and not the specific crime of burglary in the third degree. The court properly balanced the probative value of each conviction against the risk of prejudice to defendant (*see People v Henry*, 74 AD3d 1860, 1862, *lv denied* 15 NY3d 852).

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his intent to commit a crime inside the dwelling (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that

contention lacks merit (*see People v Beaty*, 89 AD3d 1414, 1416-1417, *affd* 22 NY3d 918; *People v Bergman*, 70 AD3d 1494, 1494, *lv denied* 14 NY3d 885). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is not unduly harsh or severe.

Entered: November 13, 2015                    Frances E. Cafarell
                                              Clerk of the Court