■ In the Matter of ROBERT A. LYNCH, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [55 NYS3d 529]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered June 3, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, compel the Department of Corrections and Community Supervision to recalculate the commencement and expiration dates of his period of postrelease supervision.

Petitioner was convicted of robbery in the first degree, robbery in the second degree (two counts) and robbery in the third degree and was sentenced to an aggregate prison term of 12 years, to be followed by five years of postrelease supervision (hereinafter PRS). Petitioner commenced serving his sentence in September 2005, with a conditional release date of July 25,

2015 and a maximum expiration date of April 15, 2017. Petitioner's convictions were affirmed upon appeal (*People v Lynch*, 81 AD3d 1292, 1292-1293 [2011], *lv denied* 17 NY3d 807 [2011]), and he thereafter commenced a habeas corpus proceeding in the United States District Court for the Western District of New York. A writ of habeas corpus was ultimately issued, petitioner's conviction for robbery in the first degree was vacated and his term of imprisonment was accordingly reduced to 10 years, with the adjusted conditional release date being November 9, 2013 and adjusted maximum expiration date being April 15, 2015. On June 26, 2015, petitioner was released by the Department of Corrections and Community Supervision (hereinafter DOCCS) to parole supervision. DOCCS thereafter informed petitioner that his five-year period of PRS was determined to have commenced on April 15, 2015, the adjusted maximum expiration date of his sentence, and would expire on April 15, 2020. Petitioner urged DOCCS to change the commencement date of his PRS to November 9, 2013, the adjusted conditional release date of his sentence. After receiving no response, petitioner commenced this CPLR article 78 proceeding seeking an order determining that his period of PRS began to run on November 9, 2013 and directing DOCCS to recalculate the commencement and expiration dates of his PRS accordingly. Following joinder of issue, Supreme Court dismissed the petition, prompting this appeal.

We affirm. Penal Law § 70.45 (5) (a) provides, in relevant part, that a period of PRS "shall commence upon the person's release from imprisonment to supervision by [DOCCS]." This provision, if directly applied to the case at bar, would require DOCCS to set the commencement date of petitioner's period of PRS as June 26, 2015, the day when petitioner was released from incarceration. However, such rigid application of Penal Law § 70.45 (5) (a) would run afoul of CPL 430.10, which dictates that "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced." Had petitioner's period of PRS been deemed to commence on June 26, 2015, when he was released to parole supervision, petitioner's already-commenced legal sentence of imprisonment would have been, in effect, extended beyond the 10-year term of incarceration originally imposed. Therefore, in order to comply with the mandate under CPL 430.10, petitioner's period of PRS must be deemed to commence, at the latest, on April 15, 2015, when petitioner's sentence expired. As DOCCS already set April 15,

2015 as the commencement date of petitioner's PRS, we discern no basis upon which to overturn DOCCS's determination.

We are not persuaded by petitioner's contention that the commencement date of his PRS should have been set on an earlier date, namely, the adjusted conditional release date of his sentence. Petitioner argues that, but for the delay in vacating his conviction for robbery in the first degree, he would have been granted good time allowances due to his institutional record. For that reason, he claims that he would have been released on November 9, 2013, the adjusted conditional release date, and that the period of time during which he was improperly incarcerated should have been credited toward his period of PRS. Petitioner's assumption that he would have been conditionally released on November 9, 2013 is not supported by any evidence in the record. Furthermore, it is improper to assume that petitioner would or would not have been granted conditional release on November 9, 2013 because the determination of whether to grant an inmate conditional release is a discretionary one (*see* Correction Law § 803 [4]; *Matter of Gonzalez v Annucci*, 149 AD3d 256, 259 [2017]; *Matter of Boss v New York State Div. of Parole*, 89 AD3d 1265, 1266 [2011]). Accordingly, Supreme Court properly dismissed the petition. Petitioner's remaining contentions have been reviewed and found to be without merit.

Garry, Devine, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.